# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                             CASE NO. 5:22-cr-84-JA-PRL

HENRY TROY WADE

---

### ORDER

This case is before the Court on the Defendant's motion to dismiss the indictment (Doc. 73) and the Government's response to the motion (Doc. 81). Having considered the parties' submissions, the Court finds that the motion must be denied.[1]

The Defendant is charged with six counts of wire fraud under 18 U.S.C. § 1343 based on electronic deposits that the Small Business Administration made to his bank accounts. (Doc. 1 at 5). Section 1343 criminalizes "transmit[ting] or caus[ing] to be transmitted" for certain fraudulent purposes "any writings, signs, signals, pictures, or sounds" "by means of *wire, radio, or television communication* in interstate or foreign commerce." 18 U.S.C. § 1343 (emphasis added). This case involves wire communication, not radio or

---

[1] The Defendant requests oral argument on the motion, (*see* Doc. 74), and moves to file a reply to the Government's response, (*see* Doc. 82). Because neither oral argument nor a reply is necessary to resolve the motion, the Court will deny these requests.

television communication. (*See* Docs. 1, 73, & 81). The Defendant contends that the indictment fails to state an offense because wire fraud under 18 U.S.C. § 1343 incorporates 18 U.S.C. § 2510's definition of a "wire communication" as an "aural transfer," 18 U.S.C. § 2510(1), or "a transfer containing the human voice," 18 U.S.C. § 2510(18), and thus electronic deposits are not wire communications because they do not contain the human voice. (*See* Doc. 73 at 3–9). In the Defendant's view, "bank transfers cannot form the basis for a wire-fraud allegation." (*Id.* at 6).

The Defendant's reasoning is flawed because 18 U.S.C. § 1343 does not incorporate the definitions found in 18 U.S.C. § 2510. Section 2510 defines terms for the chapter of the United States Code dealing with the interception of wire, electronic, and oral communications. *See* 18 U.S.C. § 2510 (providing definitions "[a]s used in this chapter"). Section 1343 lies elsewhere, in the chapter on mail fraud and other fraud offenses. *See* 18 U.S.C. § 1343. Moreover, Eleventh Circuit caselaw establishes that electronic bank transfers can form the basis for wire-fraud convictions. *See United States v. Hasson*, 333 F.3d 1264, 1272, 1274 (11th Cir. 2003) (finding sufficient evidence to support wire-fraud convictions based on wire transfers between the victim's and defendant's bank accounts); *United States v. Blanchet*, 518 F. App'x 932, 943, 957 (11th Cir. 2013) (affirming wire-fraud convictions based on "electronic funds transfers").

The cases that the Defendant cites in his motion to dismiss do not

undermine the Eleventh Circuit's reasoning. (*See* Doc. 73 at 3–9). The Supreme Court case, (*see id.* at 7–8), addressed the interception of communications; it did not address wire fraud. *See United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). It also came out decades before *Hasson*, so it could not have abrogated that binding authority. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (describing the rule that courts in the Eleventh Circuit must adhere to a prior panel's decision unless and until it is overruled by the Eleventh Circuit sitting en banc or the Supreme Court); *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) ("categorically reject[ing] any exception to [this] rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time").

Accordingly, it is **ORDERED** that the Defendant's motion to dismiss the indictment (Doc. 73), request for oral argument (Doc. 74), and motion to file a reply (Doc. 82) are **DENIED**.

**DONE** and **ORDERED** on February 23, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Henry Troy Wade

3