# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.                         CASE NO. 5:22-cr-84-JA-PRL

HENRY TROY WADE

## ORDER

This case is before the Court on the Defendant's motion to exclude Economic Injury Disaster Loan applications purportedly filed by him (Doc. 67) and the Government's response to the motion (Doc. 75). Having considered the parties' submissions, the Court finds that the motion must be denied.

The Defendant maintains that the loan applications are inadmissible for three reasons. (Doc. 67 at 2–8). First, the Defendant asserts that the Government cannot authenticate the applications under Federal Rule of Evidence 901 because they lack any signature and were not witnessed or notarized. (*Id.* at 3–4). Second, says the Defendant, the Government cannot satisfy Federal Rule of Evidence 104(b)'s requirements for conditional relevancy because it cannot sufficiently prove that he filed the applications. (*Id.* at 4–5). And third, the Defendant contends that the applications are hearsay—not an opposing party's statements—because the Government cannot establish that he filed them. (*Id.* at 5–8). The Government responds that a Small Business

Administration representative will authenticate the applications by testifying at trial, the applications themselves contain information known only to the Defendant, the Defendant's immediate transfer of loan proceeds to accounts only he could access and his use of the proceeds to pay for "his mortgage, vacations, hunting supplies, and other luxury items" further support that he filed the applications, and the applications are not hearsay because they are an opposing party's statements. (Doc. 75 at 9–14).

The Court agrees with the Government. The fact that the documents are Economic Injury Disaster Loan applications may be established by the testimony of a Small Business Administration representative. *See* Fed. R. Evid. 901(b)(1). The fact that they are the Defendant's applications may be established by their "appearance, contents, substance, internal patterns, or other distinctive characteristics . . . , taken together with all the circumstances." Fed. R. Evid. 901(b)(4). Taken together, the information contained in the loan applications and the Defendant's alleged behavior regarding the loan proceeds sufficiently support that he filed the applications. Rule 104(b) is not a proper basis for excluding evidence, *see City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 565 (11th Cir. 1998) (explaining that although "Rule 104(b) allows a district court to determine preliminary questions of fact necessary to apply the Federal Rules of Evidence[, t]he rule itself . . . does not provide a ground for the exclusion of any evidence as inadmissible under the Rules"), but even if it were,

the Government's expected evidence would suffice, see Fed. R. Evid. 104(b). Moreover, because there is a reasonable basis for attributing authorship of the applications to the Defendant and the Government plans to offer them as evidence against him, the applications are not hearsay but an opposing party's statements. See Fed. R. Evid. 801(d)(2).

Accordingly, it is **ORDERED** and **ADJUDGED** that the Defendant's motion to exclude (Doc. 67) is **DENIED**.

**DONE** and **ORDERED** on February 26, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Henry Troy Wade

3