**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA**

**VS.**  CASE NO. 5:22-cr-84-JA-PRL

**HENRY TROY WADE**

---

**ORDER**

Section II.D. of the Criminal Scheduling Order (Doc. 8) entered in this case requires that "[b]efore filing *any* motion in a criminal case that is not an *ex parte* motion, the moving party shall confer with counsel for the opposing party in person or by telephone (but not solely by letter or facsimile) in a good faith effort to resolve the issues raised by the motion." (Doc. 8 at 6 (emphasis in original)). Section II.D. also requires the moving party to "**include in the motion a statement certifying 1.) that the moving counsel has conferred with opposing counsel; 2.) that counsel have been unable to resolve the motion by agreement; and 3.) that the motion concerns matters which are not covered by the scheduling order.**" (*Id.* (emphasis in original)). And Section II.D. informs the parties that "[t]he Court will deny without prejudice motions filed without the required certificate." (*Id.*).

Because Defendant's Motion to Dismiss (Doc. 176) and Motion to Compel

(Doc. 177) do not comply with the requirements of the Scheduling Order noted above, it is **ORDERED** that both motions (Docs. 176 & 177) are **DENIED without prejudice**.

**DONE** and **ORDERED** on September 13, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Henry Troy Wade

2