UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 5:22-cr-84-JA-PRL

HENRY TROY WADE

## ORDER

Defendant, Henry Troy Wade, has filed four *pro se* motions, seeking: to void the arrest warrant and overturn the indictment and conviction under *Franks*[1] (Doc. 332), to dismiss his conviction due to a constructive amendment of the indictment (Doc. 333), to dismiss or vacate the indictment and his conviction due to material misrepresentations made to the grand jury (Doc. 334), and to vacate his conviction and receive a new trial under Federal Rule of Criminal Procedure 33 (Doc. 335). All of Defendant's motions are **DENIED**.

Defendant's first and third motions—to overturn the indictment (Doc. 332) and to dismiss the indictment (Doc. 334)—are untimely and thus waived.[2] Under Federal Rule of Criminal Procedure 12, a *Franks* challenge or a motion

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).
[2] Moreover, Defendant's third motion (Doc. 334) is due to be denied as moot because the arguments he asserts therein were raised by his trial counsel in previous motions and rejected by the Court. (Doc. 73; Doc. 83; Doc. 176; Doc. 183; Doc. 190; Doc. 193; Doc. 194; Doc. 238).

to vacate the indictment based on an error in the grand jury proceeding (or a selective or vindictive prosecution) must be filed before trial. Fed. R. Crim. P. 12(b)(3); see *United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990) (affirming district court's denial of *Franks* challenge as untimely when it was filed after the district court's deadline and the defendant did not attempt to establish cause for untimeliness). If pretrial motions are not timely filed, then Defendant waives them, and the Court cannot consider the motion unless Defendant shows good cause for the untimeliness. *United States v. Curbelo*, 726 F.3d 1260, 1266 (11th Cir. 2013) (dealing with an earlier version of Rule 12); *United States v. Wright*, No. 4:19-CR-149, 2023 WL 5804161, at *4 (S.D. Ga. Sept. 7, 2023). Defendant does not attempt to establish good cause for his untimeliness.[3] Absent an explanation, Defendant's *Franks* challenge (Doc. 332) and motion to dismiss the indictment (Doc. 334) are waived and thus denied.

Defendant's second motion—to dismiss his conviction due to a constructive amendment of the indictment (Doc. 333)—is denied because it is plainly meritless. Defendant asserts that the Government's closing argument amended the indictment to include aiding and abetting, by arguing that the jury could find him guilty of wire fraud if he merely "participated" in the scheme.

---

[3] In this case, the deadline for filing a motion to dismiss the indictment and for filing a motion to suppress (a *Franks* challenge) was twenty-one days from entry of the December 7, 2022 scheduling order. (Doc. 8 at 6).

(Doc. 333 at 1).  But "participation" is an element of wire fraud, the crime charged in the indictment.  *See, e.g., Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 906 n.8 (11th Cir. 1996).  Indeed, Defendant's proposed jury instructions include "participation" in the elements.  (Doc. 153 at 18).  Thus, Defendant's motion to dismiss his conviction due to constructive amendment of the indictment (Doc. 333) is denied.

Likewise, Defendant's fourth motion—to vacate his conviction and receive a new trial under Federal Rule of Criminal Procedure 33 (Doc. 335)—is denied because it is meritless.  The basis for Defendant's Rule 33 motion is that there is "newly discovered evidence."  (Doc. 335 at 1).  But Defendant's evidence—a 2020 list of identity theft victims from the Small Business Administration (SBA), a letter he sent to the SBA, case information from his attorney for a medical claim, and an email sent to him regarding his "private school"—is not newly discovered.  He fails to meaningfully assert that he did not know about this evidence before trial and that he was unable to discover the evidence before trial despite exercising diligence.[4]  Accordingly, Defendant's motion to vacate

---

[4] There is a four-part test for granting a new trial: (1) the evidence is newly discovered and was unknown to Defendant before trial; (2) the evidence is material to Defendant's guilt or innocence, and is not merely cumulative or impeaching; (3) the evidence is such that it will probably produce an acquittal; and (4) the failure of the defendant to learn of this evidence before trial is not due to his lack of diligence. *United States v. Averi*, 715 F. Supp. 1508, 1511–12 (M.D. Ala. 1989) (first citing *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989) (per curiam); and then citing *United States v. Sjeklocha*, 843 F.2d 485, 487 (11th Cir. 1988)).

his conviction and receive a new trial under Federal Rule of Criminal Procedure 33 (Doc. 335) is denied.

Accordingly, Defendant's motions (Doc. 332; Doc. 333; Doc. 334; Doc. 335) are **DENIED**.

**DONE** and **ORDERED** on September 23rd, 2025.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
Henry Troy Wade