# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO. 5:22-cr-84-JA-PRL

HENRY TROY WADE

_____

### ORDER

Since the last of eleven sentencing hearings scheduled in this case Defendant Henry Troy Wade has retained the services of Defense Counsel. Defense Counsel appeared a few days after Defendant's sentencing that was scheduled for January 15, 2026. Defendant did not attend the January 15 sentencing, asserting that he was experiencing a heart attack and was at the hospital being prepared for surgery. (*See* Doc. 372). Pretrial Services Officer Delfino Garza went to the hospital and the attending physician informed Mr. Garza that Defendant was stable, would be monitored overnight, and would likely be discharged the following day (January 16)—but not that Defendant was being admitted or prepared for surgery.

To accommodate Defense Counsel—who appeared on January 20—sentencing was scheduled for February 19, 2026. Immediately after Defense Counsel was retained, the Court explained that its many efforts to proceed with sentencing had been frustrated. Based on Defendant's past conduct, the Court anticipated that Defendant would again seek a continuance of his sentencing hearing based on medical complaints. This concern prompted the Court to advise Defense Counsel that any further efforts to delay proceedings grounded on Defendant's asserted medical grounds would require corroboration from a medical doctor.

On February 3, 2026, Defense Counsel provided Mr. Garza with Defendant's recent medical reports as well as Defense Counsel's narrative. The information provided to Mr. Garza would not be sufficient to support a continuance, nor would Defense Counsel's narrative. The narrative includes an assertion that Defendant fell in a hospital, an assertion that Defendant was injured in the fall, Defense Counsel's diagnosis of the asserted injury, and a description of the limitations Defendant suffers resulting from the asserted injury. Defense Counsel also asserts that Defendant has an appointment with a neurosurgeon on February 17, 2026. This is seemingly at odds with the letter Defendant forwarded to Defense Counsel and later provided to Mr. Garza stating that Defendant has an appointment with a neurosurgeon in South Carolina on March 17, 2026.

The information provided thus far is insufficient to support a motion to continue the sentencing hearing scheduled for February 19, 2026, at 11:00 a.m. Should Defense Counsel seek another continuance, the motion must be supported by reports and opinions from qualified medical doctors.

**DONE** and **ORDERED** on February 5, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

3